T.C. Summary Opinion 2003-123

UNITED STATES TAX COURT

GARY PAUL RUSH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 04557-01S.              Filed September 2, 2003.

Gary Paul Rush, pro se.

<u>T. Richard Sealy III</u> and <u>Catherine S. Tyson</u>, for
respondent.

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] in effect at the time petitioner
filed the petition.  The decision to be entered is not reviewable

_____

  [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code for the relevant
year.

by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for 1998 in the amount of $2,668.[2] The sole issue for decision is whether petitioner is liable for a 10-percent additional tax pursuant to section 72(t)(1) on distributions he received, totaling $26,681, from his three qualified retirement plans.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Las Cruces, New Mexico. Petitioner is employed as a rural mail carrier in Las Cruces.

Petitioner had investments in three qualified retirement plans. In 1998, petitioner cashed out these plans. He received $18,127 from Nationsbank, N.A., $3,337 from Franklin Templeton Trust Co., and $5,217 from IDS Life Ins. Co. Petitioner was 53 years old when he received the distributions.

Petitioner received three Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 1998 reflecting the distributions. Petitioner reported the distributions on his Federal income tax

---

[2] Amounts are rounded to the nearest dollar.

return.  Petitioner did not report the 10-percent additional tax.

Petitioner used the distributions to pay down debt on his credit cards.  He also invested some of the money.  Petitioner did not roll over any portion of the distribution into another IRA or qualified retirement account.  Petitioner did not receive the distributions on account of a disability, as part of a series of substantially equal periodic payments made for life, or for medical care.

Discussion

Section 72(t) provides for a 10-percent additional tax on early distributions from a qualified retirement plan.  "The legislative purpose underlying the section 72(t) tax is that 'premature distributions from IRA's frustrate the intention of saving for retirement, and section 72(t) discourages this from happening.'"  Arnold v. Commissioner, 111 T.C. 250, 255 (1998) (quoting Dwyer v. Commissioner, 106 T.C. 337, 340 (1996)).

A qualified retirement plan includes an IRA.  See secs. 408(a), 4974(c).  It is undisputed that Nationsbank, N.A., Franklin Templeton Trust Co. and IDS Life Ins. Co. were qualified retirement plans.

The 10-percent additional tax does not apply to certain distributions.  Section 72(t)(2) excludes qualified retirement plan distributions from the 10-percent additional tax if the distributions are:  (1) Made on or after the date on which the

employee attains the age of 59-1/2; (2) made to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; (5) made to an employee after separation from service after attainment of age 55; or (6) dividends paid with respect to stock of a corporation which are described in section 404(k). Sec. 72(t)(2)(A). A limited exclusion is also available for distributions made to an employee for medical care expenses. See sec. 72(t)(2)(B).

Petitioner has the burden of proving his entitlement to any of these exceptions.[3] Bunney v. Commissioner, 114 T.C. 259, 265 (2000). Petitioner testified that he used the distributions to reduce his debt. Although he reinvested some of the funds, petitioner did not roll over any of the distributions into another qualified retirement plan. Indeed, petitioner stated that he no longer had any IRAs. The evidence shows that none of

---

[3] Sec. 7491 is effective for court proceedings arising in connection with examinations commencing after July 22, 1998. Petitioner does not contend that sec. 7491 is applicable to his case. Further, the resolution of this case does not depend on which party has the burden of proof.

the exceptions set forth in section 72(t)(2) apply in this case. Thus, the early distributions made by petitioner are subject to the additional 10-percent tax under section 72(t)(1).

In reaching our holding, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.